UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. D'AGOSTINI & SONS, INC.,

        Plaintiff,

Case No. 12-10041

Honorable John Corbett O'Meara

v.

CITY OF DETROIT,

        Defendant.
                                       /

**ORDER DENYING PLAINTIFF'S JANUARY 5, 2012
MOTION FOR TEMPORARY RESTRAINING ORDER**

        This matter came before the court on plaintiff L. D'Agostini & Sons' January 5, 2012 motion for temporary restraining order and for preliminary injunction. Defendant City of Detroit filed a response January 9, 2012; and Plaintiff filed a reply January 11, 2012. Plaintiff subsequently filed two supplemental briefs January 17 and 31, 2012; and Defendant filed a second response brief January 31, 2012. Oral argument was heard February 2, 2012. The following day, defendant City of Detroit notified the court that the vendor hearing before the Detroit Board of Water Commissioners was adjourned from February 15, 2012, to March 7, 2012.

        In its original motion filed January 5, 2012, plaintiff D'Agostini alleged that defendant City of Detroit, through action of the Detroit Water and Sewer Department ("DWSD") on or about December 21, 2011, had "blacklist[ed] D'Agostini from future work without affording D'Agostini prior notice and an opportunity to be heard, violating D'Agostini's procedural due process rights." Plaintiff's mot. br. at 1. Plaintiff stated that for over 30 years it had successfully worked as a contractor for City of Detroit projects and that now its future with DWSD and other existing and potential clients was in peril. Plaintiff sought a temporary restraining order and preliminary

injunction "enjoining the DWSD from enforcing D'Agostini's debarment and order that the debarment be expunged." Id. at 20.

On January 11, 2012, however, DWSD board members voted to lift the December 21, 2011 debarments for five of thirteen contractors, including D'Agostini. The Board further clarified in open session that the suspension was void *ab initio*.

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, a court must consider the following factors to determine whether a temporary restraining order or preliminary injunction should issue: 1) whether the plaintiff has a strong likelihood of success on the merits; 2) whether the plaintiff will suffer irreparable injury absent an injunction; 3) whether issuing an injunction will cause substantial harm to others; and 4) whether the public interest will be furthered by the issuance of the injunction. In re Delorean Motor Co., 755 F.2d 1223, 1299 (6th Cir. 1985). "A finding of irreparable harm is 'the single most important prerequisite that the Court must examine when ruling upon a motion for preliminary injunction.'" Wells Fargo & Co. v. WhenU.com, Inc., 293 F. Supp. 2d 734, 771 (E.D. Mich. 2003) (quoting MetroBanc v. Federal Home Loan Bank Bd., 666 F. Supp. 981, 984 (E.D. Mich. 1987). A plaintiff must show an "actual and imminent," non-compensable injury for which "there is no legal measure of damages." Fox v. Massey-Ferguson, Inc., 172 F.R.D. 653, 680 (E.D. Mich. 1995), aff'd, 91 F.3d 143 (6th Cir. 1996).

In this case, plaintiff D'Agostini cannot satisfy the second factor, as it has failed to show that it will suffer irreparable injury absent an injunction. Plaintiff's only alleged harm is that it may not be awarded future contracts prior to resolution of this lawsuit on the merits. Plaintiff's potential remedy--if at some point in the future it is debarred and suffers injury--is money damages.

Plaintiff argues that its basis for injunctive relief is based on a constitutional violation of due process rights, under which circumstances irreparable harm is sometimes presumed. At the present time, however, the Board has scheduled a hearing for March 7, 2012. Therefore, Plaintiff's claim of a constitutional violation is premature.

### **ORDER**

It is hereby **ORDERED** that plaintiff D'Agostini's motion for temporary restraining order and preliminary injunction is **DENIED.**

Date: February 6, 2012                                    s/John Corbett O'Meara
                                                                          United States District Judge


I hereby certify that a copy of this order was served upon counsel of record on this date, February 6, 2012, using the ECF system.

                                                                          s/William Barkholz
                                                                          Case Manager